# Young Bros. & Co. to use of John S. Jenkins, Appellant, *v.* E. A. Coray et al., Executors of George Coray, Deceased, with Notice to Lamoreaux et al., Terre Tenants.

*Mortgage—Release—Evidence.*

An owner of land subject to the lien of a mortgage and judgments junior to the mortgage, divided it into building lots and procured his judgment creditors to execute a letter giving an attorney power to release the lien of the judgments from any lot which might be sold on condition that the purchase money should be applied to the mortgage. L. bought one of the lots, but nothing was ever entered of record to show that the lien of the judgment on the lot had been released. On a scire facias to revive the judgment L. claimed that his lot had been released from the lien of the judgment. On conflicting evidence the referee found as a fact that "as to the lot sold to and in possession of L., the lien of said judgment was either actually released by a paper not filed, and now lost or mislaid, or there was an agreement that said lien should be released," and, as a conclusion of law, that judgment should be entered in favor of L. The referee's report was confirmed, and judgment entered for L. On appeal to the Supreme Court, *held* that the judgment should be affirmed.

Argued April 16, 1895.　Appeal, No. 141, Jan. T., 1895, by plaintiffs, from order of C. P. Luzerne Co., Jan. T., 1889, No. 207, overruling exceptions to referee's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.　Affirmed.

　　Scire facias to revive a judgment.

　　George Coray in his lifetime owned two tracts of land, one in Kingston township known as the "Maltby Property," the other in Exeter, known as the "Polen Property." Each was subject to a mortgage and both mortgages were owned by Aaron Brown.　There were also several judgments against Coray, which were liens upon the Maltby property subsequent to the mortgage, but not liens upon the Polen property.

　　Both properties were plotted into village lots and there was some sale for the Maltby lots.　To facilitate such sales and also to reduce Brown's mortgage and thus improve the position of the judgment creditors, the latter, including the appellant, joined in giving a letter of attorney to Thomas H. Atherton, Esq., authorizing him to execute releases of the liens of their respective judgments from any Maltby lot, on condition that the purchase money be applied to the Brown mortgage on the Maltby property.　Many lots were sold.

　　After the death of George Coray, the Maltby property was sold at orphans' court sale, but the lots that had been previously sold by Coray or his executors were excepted from that sale.

　　This scire facias was issued to revive the lien of one of the above mentioned judgments, and was duly served on All. Lamoreux, Mark Laverick and Andrew Marinka, terre tenants of three of said excepted lots.

　　The contention is whether these lots were in any way released under the operation of Mr. Atherton's power of attorney.

　　The case was referred to George K. Powell, Esq., as a referee, who reported the following conclusions of fact.

　　"First: When judgment was entered on the 26th day of March, 1877, to No. 1409 April term, 1877, in common pleas of Luzerne county in favor of Young Brothers & Co. against George Coray, it became a lien upon the Maltby farm, in Kingston township, said county, but subsequent to a mortgage dated April 5, 1877, recorded April 24, 1877, in mortgage

book No. 34, at page 362, given by George Coray to Daniel Searle and John M. Stark, and by them assigned to Aaron Brown, Feb. 4, 1879.

"Second: Said judgment was revived Feb. 23, 1882, by amicable scire facias to No. 148, March term, 1882, and its lien upon said Maltby farm continued.

"Third: By assignment dated Aug. 23, 1886, filed of record Dec. 26, 1888, said judgment was assigned to John S. Jenkins, the present plaintiff.

"Fourth: The judgment lien creditors of George Coray, including said Young Brothers & Co. by letter of attorney dated April 8, 1879, constituted Thomas H. Atherton, Esq., their attorney in fact with authority to release the lien of their respective judgments from any of the lands of George Coray in Kingston township, whenever the proceeds of such land were applied towards the payment of said mortgage of Searle and Stark, assigned to Brown.

"Fifth: Two lots, portions of said Maltby farm in Kingston township, were duly sold by George Coray or the executors of his last will, etc., to Mark Laverick and All. Lamoreaux respectively, the purchase money of said lots applied in part payment of said Maltby mortgage and the lien of said judgment No. 1409, April term, 1877, revived to No. 138 March term, 1882, was released as to the lot sold to Mark Laverick and, as to the lot sold to and in possession of All. Lamoreaux, the lien of said judgment was either actually released by a paper not filed and now lost or mislaid, or there was an agreement that said lien should be released.

"Sixth: On Jan. 7, 1886, pursuant to an order of the orphans' court of this county, the executors of the last will, etc., of George Coray, deceased, sold the said Maltby farm, but, from said sale certain portions of the farm were expressly reserved, inter alia the eleven lots previously sold to Aaron Brown and the three lots sold to Laverick, McCully and Lamoreaux respectively.

"Seventh: The lot contracted to McCully and in possession of Andrew Malinka, at the time of the service of the scire facias in suit, was, on the 15th day of September, 1888, sold by the sheriff of Luzerne county to Robert D. Evans, and the lien of the judgment in suit was thereby discharged.

" Also the following conclusions of law:

" First: The plaintiff is not entitled to have the lien of his judgment continued as to the lots laid out on the Maltby farm in Kingston township, Luzerne county, Pa., in the possession of Mark Laverick, All. Lamoreaux and Andrew Malinka, terre tenants.

" Second: Judgment should be entered in favor of said Mark Laverick, All. Lamoreaux and Andrew Malinka, terre tenants, and the prothonotary is directed to enter such judgment unless exceptions, etc.

Exceptions to the report of the referee were dismissed, and judgment entered for Lamoreaux et al. Plaintiff appealed.

*Errors assigned* were in overruling exceptions to report of referee.

*R. E. Evans, E. S. Osborne* with him, for appellant, cited: Smith on Master and Servant, Text-Book Series, 273, 297, 299; 1 Am. & Eng. Ency. of Law, 351; 18 Am. & Eng. Ency. of Law, 871, 876; Series, 273, 299; Baring v. Peirce, 5 W. & S. 548; Strohecker v. Farmers' Bank, 8 Watts, 188; Devinney v. Reynolds, 1 W. & S. 328; Heffernan v. Addams, 7 Watts, 116; Bassett v. Hawk, 114 Pa. 502.

*G. R. Bedford,* for appellee.

PER CURIAM, April 29, 1895:

An examination of this case has satisfied us that there was no error in overruling exceptions to the report of the learned referee, and confirming the same. The assignments of error are all dismissed.

Judgment affirmed.